THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DOUGLAS ALLEN HAZELWOOD,       )
                               )
            Petitioner,        )
                               )       1:12CV1035
      v.                       )       1:08CR225-1
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )
                               )


<u>**MEMORANDUM OPINION AND ORDER**</u>

**OSTEEN, JR., District Judge**

        Petitioner Douglas Allen Hazelwood ("Petitioner"), a
federal prisoner, filed a motion to vacate, set aside, or
correct sentence pursuant to 28 U.S.C. § 2255, (the "Petition"
(Doc. 185)),[1] in addition to making a motion for appointment of
counsel (Doc. 212) and a request for this court to enter default
against the Government for failure to timely respond to his
Petition (Doc. 204).  The Government has filed a Response to the
Petition, (Doc. 213), and Petitioner has filed a Reply (Doc.
230).  These matters are now ripe for a ruling.

        Petitioner makes three claims for relief in his Petition.
In Ground One, he claims ineffective assistance of counsel

_____

        [1] Unless otherwise noted, this and all further citations to
the record are to the docket in the criminal case (1:08CR225-1).

because trial counsel failed to conduct reasonable pre-trial preparations, failed to review the pre-sentence investigation report ("PSR") with him, failed to object to the PSR, failed to investigate the issues surrounding a firearm and silencer, and failed to adequately represent him at sentencing. (Petitioner's Mem. of Law & Points & Authorities in Supp. of Petition ("Petitioner's Mem.") (Doc. 186) at 12-21.)

In Ground Two, Petitioner asserts two bases for prosecutorial misconduct by (1) alleging that the Government introduced false testimony from a co-defendant and (2) intimidating Petitioner's wife into waiving her spousal privilege and testifying. (See id. at 22-25.) As part of this argument, Petitioner claims that this court incorrectly determined that his wife voluntarily waived her spousal privilege. (Id. at 25-31.)

In Ground Three, Petitioner claims that appellate counsel was ineffective for failing to raise this court's allegedly erroneous acceptance of his wife's waiver of her spousal privilege, prosecutorial misconduct, and various alleged errors at sentencing. (Id. at 31.)

As explained below, each of these claims along with Petitioner's other motions lack merit and will be dismissed. See Rule 8, Rules Governing Section 2255 Proceedings.

## I. BACKGROUND

On July 1, 2008, Petitioner was charged in six counts of a seven count indictment.  (Indictment (Doc. 1).)  Count One charged conspiracy to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).  (Id. at 1-2.)  Count Three charged possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  (Id. at 2-3.)  Count Four charged possession with the intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  (Id. at 3.)  Count Five charged possession of a short-barreled rifle equipped with a silencer in furtherance of a drug trafficking crime, all in violation of 18 U.S.C. § 924(c)(1)(B)(i) and (ii). (Id.)  Count Six charged Petitioner with the possession of numerous firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Id. at 4.)  Count Seven charged possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Id. at 4-5.)

Petitioner filed a motion to suppress, but that motion was denied.  (Mem. Op. & Order (Doc. 86).)  An information of prior conviction was filed on October 10, 2008.  (Doc. 88.) Petitioner then went to trial.  After a three-day trial, on

-3-

October 23, 2008, the jury returned a verdict of guilty on all counts. (Verdict (Doc. 95).) Petitioner was then sentenced to 600 months of imprisonment - 240 months on each of the drug distribution counts (Counts 1, 3, 4) to be served concurrently with each other, along with 360 months on Count 5, the charge of possessing a short-barreled rifle equipped with a silencer in furtherance of a drug trafficking crime, to be served consecutively with the sentence as to the other counts. (J. (Doc. 138) at 2.)

Petitioner appealed and argued that this court erred in denying his pretrial motion to suppress. See United States v. Hazelwood, 412 Fed. Appx. 617 (4th Cir. 2011) (per curiam). The Fourth Circuit rejected this argument and affirmed Petitioner's conviction. Id. at 618. Petitioner's petition for writ of certiorari to the United States Supreme Court was also denied. See Hazelwood v. United States, ___ U.S. ___, 132 S. Ct. 236 (2011).

Petitioner then filed this Petition, along with several accompanying motions, with this court. This court will first address the Petition before considering Petitioner's other motions.

-4-

## II. __PETITION__

### A. __Ground One__

Petitioner's first claim involves multiple allegations of ineffective assistance of counsel. (Petitioner's Mem. (Doc. 186) at 12-21.) In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. Here, Petitioner makes several arguments related to his counsel's performance but has met neither prong of Strickland for any claim. This court addresses each of Petitioner's arguments in turn.

First, Petitioner asserts that trial counsel did not conduct reasonable pre-trial investigation and preparation. (Petitioner's Mem. (Doc. 186) at 12-14.) Specifically, Petitioner claims that counsel waited until 72 hours before

trial to ask Petitioner if he had any witnesses that he wanted counsel to call during the trial.  (See id.)  However, Petitioner does not provide any suggestion of what witnesses he would have called.  (See id.)  When considering motions made pursuant to § 2255, unsupported, vague, and conclusory allegations like these do not entitle Petitioner to a hearing, much less to the sort of relief sought here.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).  Consequently, the conclusory and unsupported claims made by Petitioner fail for this reason alone.

Nonetheless, even where Petitioner has alleged specifics, he has not shown that counsel's performance was deficient or that any deficiency prejudiced him.  Petitioner contends that competent counsel would have "interviewed his client long before trial and would have sent a private investigator out into the field to contact these witnesses."  (Petitioner's Mem. (Doc. 186) at 13.)  But for these failures, Petitioner asserts that his case would have turned out differently, because these witnesses would have "provided testimony that [he] did not know the government witnesses or participate in the activities and conduct as portrayed by the government and used to prosecute him."  (Id. at 14.)

-6-

In response, counsel, in an unrebutted affidavit, states that on multiple occasions he asked Petitioner to provide him the names and addresses of any potential defense witnesses, but that Petitioner never provided any names. (<u>See</u> Government's Resp., Ex. B, Aff. of Thomas Johnson ("Johnson Aff.") (Doc. 213-2) at 3.) The Thursday before the trial commenced was the last attempt by counsel to determine if Petitioner had any potential witnesses. (<u>Id.</u>) No witness names were provided by Petitioner. (<u>Id.</u>) Accordingly, there are no factual allegations upon which this court can find that counsel was deficient, and this court can certainly not find that unnamed witnesses would have caused the jury to return a verdict of "not guilty" on any of the counts.

Second, Petitioner asserts that counsel failed to "reasonably" review "in detail" the PSR with him and that had he done so, Petitioner would have received a shorter sentence. (Petitioner's Mem. (Doc. 186) at 14-16.) Counsel, by way of affidavit, asserts that despite efforts to read and explain the PSR to Petitioner, Petitioner was quite resistant and wanted instead to discuss how the Government's witnesses lied about him at trial. (Johnson Aff. (Doc. 213-2) at 3.)

Along similar lines, the Government correctly points out that Petitioner's own statements indicate that counsel discussed

the contents of the PSR to some extent with Petitioner. For example, in a sub-claim within Ground One discussed in greater detail below, Petitioner indicates that he pointed out inaccuracies in the PSR to counsel. (<u>See</u> Petitioner's Mem. (Doc. 186) at 20.) This statement implies that the PSR was sufficiently explained by counsel to Petitioner, who was illiterate at the time, to allow Petitioner to understand at least some of the contents of the PSR. Moreover, at his sentencing hearing, Petitioner never stated that he had not reviewed the PSR, and he even admitted that counsel tried to "explain things," but stated further that he had trouble understanding. (Sentencing Hr'g Tr. (Doc. 178) at 3-4.) After this court provided counsel and Petitioner a short recess to speak further, Petitioner returned to the hearing and stated that he had no objections to the PSR. (<u>Id.</u> at 4.) Therefore, it appears that counsel expended reasonable efforts to explain matters to Petitioner and was therefore not deficient.

Petitioner has also failed to demonstrate prejudice for any lack of explanation of the PSR. Petitioner has failed to demonstrate any likelihood that his sentence was improperly lengthened based on what was contained in the PSR that Petitioner would have challenged had he understood the PSR at the time. The only concrete source of potential prejudice that

-8-

Petitioner alleges is that the PSR said that the firearm was equipped with a silencer, when it was actually equipped with a "flash suppressor." (See Petitioner's Mem. (Doc. 186) at 16.) However, as explained below, it was not error for this court to find that the enhancement applied based on the facts in this case, and as a result, the fact that counsel did not object to this fact did not prejudice Petitioner. Thus, even assuming that counsel's performance was deficient - which has not been demonstrated - Petitioner's claim would still fail.

Third, Petitioner asserts that counsel failed to object to the PSR, particularly regarding the unreliability of Government witnesses and of his wife's, Elizabeth Hazelwood's, "mental[] incompetence." (Petitioner's Mem. (Doc. 186) at 16-19.) There are two clear deficiencies in Petitioner's argument: (1) Petitioner has not stated a reason why counsel should have objected to these issues and on what basis counsel would have made those objections, and (2) it is difficult to see how this court would or could have changed the sentence it imposed based on these alleged issues. Petitioner received a fifty-year sentence of imprisonment, but this sentence was the statutory minimum for all of the counts of which the jury found Petitioner guilty. (See Sentencing Hr'g (Doc. 178) at 4 ("Counts One and Three both carry mandatory minimum sentences of not less than 20

-9-

years. Count Four carries a mandatory minimum sentence of not less than 10 years. Count Five carries a mandatory minimum sentence of not less than 30 years to be imposed consecutive to any other sentence imposed. Count Seven carries a mandatory minimum sentence of not less than 10 years.").) Petitioner had been found guilty on each count before the sentencing, and factual objections to witness testimony would not affect the mandatory minimum sentences. Thus, there was nothing counsel could have reasonably raised as an objection to the PSR, and even if there was a basis for the objection, there is no indication that Petitioner would have received a lesser sentence if counsel had objected to material within the PSR.[2]

Fourth, Petitioner contends that counsel did not investigate the issues involving a firearm and silencer for which he was held accountable. (Petitioner's Mem. (Doc. 186) at 19-20.) Here, Petitioner appears to be referring to the short-barreled rifle equipped with a silencer charged in Count 5 of the Indictment. (Indictment (Doc. 1) at 3 (Count 5).) However, on this issue, the Government produced expert testimony from a

---

[2] If Petitioner is contending that counsel should have objected at trial to the credibility of Government witnesses, his claim fails as vague, conclusory, and unsupported. See Nickerson, 971 F.2d at 1136. Petitioner has provided no meaningful evidence or argument suggesting that had counsel attacked the credibility of any Government witness, the outcome at trial would have been different.

firearms enforcement officer with the Bureau of Alcohol, Tobacco, and Firearms that the item in question was a firearms silencer, contrary to Petitioner's claim that the item seized from his residence with the short-barreled rifle was merely a "flash suppressor."[3] (See Test. of Michael S. Knapp (Doc. 150) at 7.) The jury then specifically found that "the firearm possessed by [Petitioner was] equipped with a silencer." (See Verdict (Doc. 95) at 3.) Based on ATF Officer Knapp's report and testimony regarding the device affixed to the firearm, the jury's finding that the firearm was equipped with a silencer was reasonable, and this court could rely on the fact in sentencing Petitioner. Accordingly, counsel was not deficient when he decided not to contest this proven fact at sentencing. Consequently, Petitioner has failed to identify a specific error here that counsel made or how that alleged error prejudiced him.

Fifth, Petitioner contends that counsel was ineffective at sentencing. (Petitioner's Mem. (Doc. 186) at 20-21.) Petitioner states in a conclusory fashion that there are "multiple discrepancies and inaccuracies throughout the PSR"

---

[3] See 18 U.S.C. § 921(a)(24) ("The terms 'firearm silencer' and 'firearm muffler' mean any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.").

which were "verbalized to counsel" by Petitioner. (Id. at 20.)
This claim somewhat contradicts Petitioner's earlier argument,
discussed above, that counsel failed to review and sufficiently
explain the PSR with him. Petitioner does not explain what
discrepancies and inaccuracies there were, and without this
explanation, this court does not have any reason to find that
counsel was deficient or that there is any reason to extend
discovery on this matter. Additionally, as discussed earlier,
Petitioner stated at the sentencing hearing that he had no
objections to the PSR. Accordingly, this court finds that this
claim has no merit.[4]

Sixth, Petitioner contends that counsel should have
requested a mental health evaluation to support a diminished
capacity departure at sentencing. However, Petitioner's
assertion is meritless. (Id. at 21.) Petitioner claims that he
has a documented history of "ailments and diminished capacity
not caused by drug or alcohol abuse." (Id.) However,
Petitioner's claim is contradicted by his statements to the
Probation Office. Specifically, the "Mental and Emotional

---

[4] Petitioner further contends that counsel should have filed
a sentencing memorandum articulating mitigating factors
warranting a lesser sentence. (Doc. 185 at 20.) However, there
was no reason for counsel to do this. Petitioner received the
mandatory minimum sentences for the firearm/silencer conviction
in Count Five (30 years) which was required to run consecutively
to the enhanced drug conviction in Counts One and Three (20
years).

Health" section of the PSR, which concluded that Petitioner showed no overt signs of mental impairment, states that Petitioner denied any mental or emotional problems. (PSR ¶ 48.)

Additionally, though Petitioner could not read and did not go far in school, he previously demonstrated an I.Q. of 93, was skilled in furniture work and operating heavy machinery, and lived independently for decades. (PSR ¶¶ 43-45, 51-52.) Nothing in the PSR or elsewhere supports the claim that Petitioner has a documented history of diminished capacity. As a consequence, Petitioner's claim that counsel should have requested a mental health evaluation is without merit as any such evaluation is unlikely to have impacted his sentence.

Accordingly, because Petitioner has not shown that his counsel was deficient or that any deficiency prejudiced his case in any way, this court find that all of Ground One of the Petition is meritless and will therefore dismiss this ground.

B. **Ground Two**

Petitioner asserts prosecutorial misconduct in Ground Two and asserts further that trial counsel was ineffective for failing to raise this issue with this court. (Petitioner's Mem. (Doc. 186) at 21-23.) Specifically, Petitioner argues that the Government introduced false testimony at trial when co-defendant Kelvin Middlebrook testified that Petitioner told him he used

-13-

dog food in the preparation of crack cocaine to add volume and
increase profits.  (Petitioner's Mem. (Doc. 186) at 22.)
Petitioner also claims that counsel for the Government "coached"
and intimidated his wife, Elizabeth Hazelwood, into waiving her
spousal privilege and testifying against Petitioner at trial.
(Id. at 23-25.)  Petitioner contends that this court erred in
determining that Mrs. Hazelwood voluntarily waived her spousal
privilege.  (Id. at 25-31.)  However, these claims are all
procedurally barred or are otherwise meritless.

Petitioner's claims of prosecutorial misconduct are barred
because Petitioner did not object to this purported
prosecutorial misconduct at sentencing or on direct appeal.  See
United States v. Frady, 456 U.S. 152, 167 (1982).  "[T]o obtain
collateral relief based on trial errors to which no
contemporaneous objection was made, a convicted defendant must
show both (1) 'cause' excusing his double procedural default,
and (2) 'actual prejudice' resulting from the errors of which he
complains."  Id.  A post-conviction motion is not a direct
appeal, and "[f]or this reason, [the Supreme Court has] long and
consistently affirmed that a collateral challenge may not do

-14-

service for an appeal." Id. at 165; see also United States v. Pettiford, 612 F.3d 270, 279 n.7 (4th Cir. 2010).[5]

Here, Petitioner has provided no "cause" for his failure to advance these claims on appeal. Furthermore, he cannot demonstrate prejudice, as nothing in the record suggests that there were sentencing errors, or that the prosecutor acted improperly in questioning one of its witnesses, Kelvin Middlebrook, about admissions Petitioner made to Middlebrook, or in eliciting testimony from Petitioner's wife after her knowing and voluntary waiver of her privilege not to testify against her spouse.

Likewise, even considered on the merits, Petitioner's claims fall short.[6] To prove prosecutorial misconduct, "a defendant bears the burden of showing (1) that the prosecutors

---

[5] One may also overcome procedural default by demonstrating that a court's failure to consider the claim will result in a fundamental miscarriage of justice. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (citation omitted). This exception applies only to cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 392-94 (2004) (citing Murray v. Carrier, 477 U.S. 478, 494-96 (1986)). Petitioner has not meaningfully alleged actual innocence and the application of this exception is not apparent from the face of Petitioner's pleadings or the record.

[6] Consequently, even if Petitioner's allegations of ineffective assistance of appellate counsel (discussed below) were sufficient to overcome procedural default, the claims in Ground Two would still fail on the merits.

-15-

engaged in improper conduct, and (2) that such conduct
prejudiced the defendant's substantial rights so as to deny the
defendant a fair trial." <u>United States v. Alerre</u>, 430 F.3d 681,
689 (4th Cir. 2005).

Middlebrook testified that while incarcerated together on
the instant charges Petitioner "said when [Petitioner] used to
cook up cocaine that he used to cook it up with dog food to make
it expand." (Tr. of Trial Day 3 (Doc. 176) at 99.)  Thereafter,
Middlebrook identified dog food that was seized from
Petitioner's residence. (<u>Id.</u>)  The Government correctly points
out that the dog food question was not elicited to show that the
crack cocaine seized from Petitioner's house was made with dog
food.  Rather, the presence of the dog food provided potential
corroboration of Petitioner's statement to Middlebrook.  Other
than this statement about dog food, Petitioner does not contest
any other statement by Middlebrook as false.  Petitioner
provides nothing other than a conclusory statement that
Middlebrook's dog food statement is false as support for his
claim.  At this point, this court does not have sufficient facts
to determine whether the Government elicited false testimony
from Middlebrooks, but ultimately, this court need not make this
determination because there is no reason to believe that the
outcome of Petitioner's trial would have been different if this

-16-

one statement had been excluded. Consequently, there is no prejudice, and as a result, Petitioner has not asserted a claim for prosecutorial misconduct.

Petitioner's claim that the Government committed prosecutorial misconduct by "coach[ing]" or intimidate[ing] his wife into testifying is also without merit. Petitioner fails to identify any specific instance where his wife was told what to say or how she was intimidated by the Government. Petitioner instead asserts in his affidavit, albeit in a conclusory manner, that his wife told him during a telephone call in April or May of 2010 that counsel for the Government threatened and intimidated her and told her what to say in her testimony. (Petitioner's Mem. (Doc. 186) at 37.)[7] Elizabeth Hazelwood, Petitioner's wife, has not submitted her own affidavit under penalty of perjury to support Petitioner's claim. Furthermore, during the trial while she was under oath, Petitioner's wife indicated that she understood that she did not have to testify against her husband but that she chose to do so anyway. (Tr. of Trial Day 3 (Doc. 176) at 191.) Because there is no evidence other than Petitioner's conclusory assertion to support his prosecutorial misconduct claim, that claim is denied.

---

[7] All citations refer to the page numbers in the bottom right-hand corner stamped during the electronic filing process.

Finally, Petitioner's claim that this court erred in determining that his wife knowingly and voluntarily waived her spousal privilege also fails. The adverse spousal privilege allows a person to refuse to testify if they are called to testify against their spouse. United States v. Parker, 834 F.2d 408, 411 n.4 (4th Cir. 1987). Petitioner argues that the district court "is not a mental health expert and the court acted inappropriately [and] (incorrectly) [in] determining that Mrs. Hazelwood understood what she was doing" when she was questioned by this court concerning the spousal privilege. (Petitioner's Mem. (Doc. 186) at 27.)

However, this court is not required to have mental health expertise in order to determine a valid waiver. Here, this court conducted a thorough inquiry about the nature of the proceedings and the waiver of the spousal privilege, before ultimately concluding that Mrs. Hazelwood was "competent and capable of making an informed decision about waiver of her spousal privilege" and that she voluntarily waived the spousal privilege. (Tr. of Trial Day 3 (Doc. 176) at 185-95.) Petitioner's wife did express some misunderstanding, but ultimately said she understood that she did not have to testify against her husband but chose to do so regardless. (See id. at 191.) Petitioner has failed to establish error by this court to

-18-

support his claim.  Moreover, even if he did show that this court made an error, the proper venue for such a claim was on direct appeal, and the argument would now be procedurally barred.

Accordingly, because Petitioner has failed to show that he was prejudiced based on any alleged forms of prosecutorial misconduct, those claims along with the parallel claim that this court erred in not stopping the alleged prosecutorial misconduct are also substantively meritless in addition to being procedurally barred due to Petitioner's failure to raise these issues on appeal.

C.    **Ground Three**

In Ground Three, Petitioner claims that appellate counsel was ineffective for failing to raise three issues on appeal. (Petitioner's Mem. (Doc. 186) at 31.)  Specifically, he alleges that appellate counsel (1) failed to raise the district court's erroneous determination that Mrs. Hazelwood waived her spousal privilege; (2) failed to raise the prosecutorial misconduct, described and addressed above; and (3) failed to raise issues regarding this court's sentencing calculation/findings. (Id.) As explained below, these claims lack merit.

Claims of ineffective assistance of appellate counsel are also judged using the Strickland test.  See Lawrence v. Branker,

517 F.3d 700, 708-09 (4th Cir. 2008).  Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant.  <u>Jones v. Barnes</u>, 463 U.S. 745, 752-53 (1983); <u>see also</u> <u>Evans v. Thompson</u>, 881 F.2d 117, 124 (4th Cir. 1989). Ineffective assistance of appellate counsel can be shown by demonstrating that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."  <u>Bell v. Jarvis</u>, 236 F.3d 149, 180 (4th Cir. 2000) (citation omitted).

As already explained in Grounds One and Two above, however, none of these claims has merit and so appellate counsel cannot be ineffective for failing to raise them.  Petitioner has not established either prong of the <u>Strickland</u> performance/prejudice test.  Thus, Petitioner's claims in Ground Three are denied.[8]

---

[8] While not entirely clear, Petitioner's most recent affidavit may be an effort to raise additional claims. (<u>See</u> Petitioner's Reply, Ex. 1, Petitioner's Sworn Aff. (Doc. 230-1).)  Petitioner asserts that counsel failed to "advise [him] of what [he] was facing," "tried to force [him] to plea[d] guilty to charges [he] maintained [he] was innocent of," "tried to force [him] to testify, and sign a[] statement against my son, Charles Hazelwood, of facts that [he] knew nothing of."  (<u>Id.</u> at 1.)  In addition to being time-barred, these claims are, in various degrees, vague, conclusory, and unsupported and, beyond that, fail to demonstrate prejudice.  For example, Petitioner did not testify at trial, did not plead guilty, and apparently did not sign a statement against his son.  For all these reasons, these claims, if indeed they are claims, fail.

### III. <u>MOTION FOR DEFAULT JUDGMENT</u>

In addition to his Petition, Petitioner moves for Default Judgment against the Government because the Government did not file their response within 60 days of being ordered to respond to the Petition.  (<u>See</u> Petitioner's Request to Enter Default and Motion for Default of Judgment (Doc. 204) at 2.)  Petitioner makes his motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure.  <u>See</u> Rule 12 of the Rules Governing Section 2255 Proceedings (incorporating the Federal Rules of Civil Procedure unless inconsistent with the Rules Governing Section 2255 Proceedings).

However, the docket indicates that the Government's response was timely filed.  The Government was ordered by the Magistrate Judge on January 25, 2013 to respond to the Petition within 60 days.  (Order (Doc. 198).)  The Government made several motions to extend the deadline before its response was due, (<u>see</u> Government's Mots. for Extension of Time to File Resp. (Docs. 203, 207, 210)), and the deadline was ultimately extended to August 22, 2013.  (Orders (Doc. 205, 208, 211).)  The Government filed its response on August 22, 2013, making the Government's Response timely filed.  As a result, the Government was not in default.

-21-

Moreover, a default judgment may only be entered against the United States "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). As explained above, Petitioner's claims lack merit, and as a result, this court would not enter a default judgment against the Government even if the Government's response had not been filed in a timely manner.

Accordingly, this court finds it is not proper to enter a default judgment against the Government and will deny Petitioner's motion requesting such relief.

IV.  **MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner has also filed a Motion for Appointment of Counsel. There is no constitutional right to appointed counsel here. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) (noting that "the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255").

Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, this court, in its discretion, may appoint counsel if it "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held.  See Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

Having reviewed Petitioner's request for counsel and the record in this matter, this court does not find that appointment of counsel is required by the interests of justice.  Therefore, Petitioner's request for counsel is denied.

V.    **CONCLUSION**

**IT IS THEREFORE ORDERED** that Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 185) is **DENIED,** that Petitioner's Request to Enter Default and Motion for Default of Judgment (Doc. 204) is **DENIED,** that Petitioner's Motion for Appointment of Counsel (Doc. 212) is **DENIED,** and that this case is **DISMISSED** without an evidentiary hearing.

A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of

a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 14th day of July, 2015.

_____
United States District Judge